IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DEAN E. OLMSTEAD,

    Plaintiff,

v.

DESCHUTES COUNTY, *et al*,

    Defendants.
_____

Civ. No. 6:15-cv-00093-MC

OPINION AND ORDER

MCSHANE, Judge:

    For the reasons stated below, defendant Deschutes County's Motion to Dismiss (ECF No. 12) is GRANTED in part and DENIED in part. Plaintiff Olmstead's Motion to Strike Reply to Motion (ECF No. 23) is DENIED.

1 – OPINION AND ORDER

## BACKGROUND

Plaintiff Dean Olmstead brings this action against defendants Deschutes County ("County") and other unknown Jane Doe(s). He filed his initial Complaint on January 19, 2015 (ECF No. 1) and his First Amended Complaint on January 21, 2015 (ECF No. 4). In his first cause of action under 42 U.S.C. § 1983, Olmstead alleges that unknown Jane Doe defendant(s) acting on behalf of or in conjunction with defendant County, deprived him of a liberty interest when they failed to provide him with notice or opportunity to be heard in designating him a "predatory" sex offender. In his second cause of action (Injunctive Relief), Olmstead incorporates the same set of facts and allegations found in paragraphs 1 through 15 of his Complaint, but argues that injunctive relief could be an appropriate alternative remedy. (ECF No. 4 at pp. 6-7).

On March 18, 2015, defendant County filed this Motion to Dismiss (ECF No. 12) pursuant to Fed. R. Civ. P. 12(b)(6). Oral arguments were heard on the motion on May 11, 2015. (ECF No. 32). The motion purportedly only asks the Court to dismiss plaintiff's second cause of action for Injunctive Relief, but as clarified on the record during oral arguments, the defense is now asking the Court to dismiss *both* of plaintiff's claims.

## STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

While considering a motion to dismiss, the court must accept all allegations of material fact as true and construe in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

**I.    County's Motion to Dismiss Olmstead's First Cause of Action – 42 U.S.C. § 1983**

The County moves to dismiss Olmstead's first cause of action based on his 42 U.S.C. § 1983 ("section 1983") claim, on the ground that the applicable statute of limitations has expired. (ECF No. 12 at p. 3, and No. 18 at pp. 1-3). Plaintiff Olmstead argues that his section 1983 claim has never even begun to accrue because he has not known *who* was specifically responsible for making the designation. (ECF No. 15 at pp. 9-10, and No. 27 at pp. 3-7).

For section 1983 claims, federal courts borrow the applicable state's statute of limitations for personal injury claims. *Cholla Ready Mix Inc. v. Civish*, 382 F.3d 969 (9th Cir. 2004). Or. Rev. Stat. § 12.110(1) provides a two-year statute of limitations for these type of personal injury claims. This 2-year statute of limitations was specifically found to apply to a similar plaintiff's section 1983 claim stemming from his designation as a "predatory" sex offender, in the 9th Circuit's 2011 opinion in *Ford v. Washington*. In *Ford*, the Court found that the claim accrued at the time plaintiff knew, or had reason to know, of his "predatory" sex offender *designation*. *Ford v. Washington*, 411 Fed. Appx. 968, 969 (9th Cir 2011).

3 – OPINION AND ORDER

Based on the 9th Circuit's decision in *Ford,* it is clear that the Court is compelled to find that the limitations period for plaintiff's §1983 claim is two years after he knew or reasonably should have known of his "predatory" *designation*, and that accrual on the claim is based on the date of designation, not on the date the plaintiff is able to ascertain the identity of the specific potential tortfeasor(s).

Although Olmstead may not have known who was responsible for the designation, it is clear from the record that he was aware of the "predatory" *designation* by November 28, 2009, when he signed an Authorization for Release of Information which requested all "report(s), risk assessment(s), plan(s) and any other documents used to determine Dean Edward Olmstead's predatory status and notification thereof." (ECF No. 13-1). It is likely that Olmstead knew of the designation even earlier, as he admits in his Complaint that, "In or around September 2005, Deschutes County mailed a Notification of Discharge to the Oregon State Police Sex Offender Registration office. In that Notification of Discharge, employee Charity Hobold marked "yes" to the inquiry: "Offender determined predatory by Parole Board or while on supervision?" (ECF No. 4 at p.4).

Olmstead could have filed suit earlier (prior to the statute of limitations expiring) against County and the same unknown Jane Doe(s), just as he has done here, but did not do so. Instead, Olmstead filed his initial Complaint in this action on January 19, 2015 (ECF No. 1), which is at least five years after he became aware of the designation. Therefore, plaintiff's first cause of action (section 1983 claim) is dismissed because it is time-barred, and this part of Defendant's Motion to Dismiss is granted.

## II.     County's Motion to Dismiss Olmstead's Second Cause of Action – Injunctive Relief.

In plaintiff Olmstead's second cause of action, he argues the defendants violated his 14th Amendment right to due process when they designated him a "predatory" sex offender without notice or the opportunity to be heard. (ECF No. 4 at pp. 6-8, and No. 15 at pp. 3-9). He seeks injunctive relief to have the predatory designation ordered removed until he is provided due process. (ECF No. 4 at pp. 8-9).

The County moves for an order dismissing Olmstead's second cause of action for injunctive relief on the grounds that his allegations fail to establish any constitutional violation. (ECF No. 12 at p. 4, and No. 18 at pp. 3-4). They argue that an individual who has been convicted of a sex crime in a prior adversarial setting (including plea agreements) has already received the minimal protections afforded by due process. The County relies on the Ninth Circuit's decision in *Neal v. Shimoda*, 131 F.3d 818 (9th Cir, 1997) and a 2010 Oregon District Court Opinion by Judge Clarke (and affirmed by Judge Panner) in *Stafford v. Powers*, 2010 WL 1424304 (D. Or., March 4, 2010).  These cases however are distinguishable from the case before this Court.  In the *Neal* case, the plaintiff had only been designated a sex offender, not a "predatory" sex offender. This Court agrees with the plaintiff in their assertion that a "predatory" label carries additional stigma. (ECF No. 15 at p. 6). In the *Stafford* case, the plaintiff had not only been convicted of the underlying offense, but also had been afforded a Morrissey hearing. *Id*.

Further, neither case addresses plaintiff's contention that his due process rights may have been violated when the tests and assessments were administered without providing any accommodations for plaintiff's alleged disability. (ECF No. 15 at p. 2). Whether or not plaintiff has a disability or whether accommodations are even available is a question of fact not before the Court at this time.

5 – OPINION AND ORDER

On its face and as construed in the light most favorable to the non-movant, plaintiff's asserted second cause of action for injunctive relief presents a plausible claim. Therefore, this part of defendant's Motion to Dismiss (ECF No. 12) is denied.

## CONCLUSION

For the foregoing reasons, defendant County's Motion to Dismiss (ECF No. 12) Olmstead's first cause of action (42 U.S.C. § 1983 claim) is GRANTED. However, County's Motion to Dismiss (ECF No. 12) Olmstead's second cause of action (Injunctive Relief) is DENIED. Plaintiff Olmstead's Motion to Strike [Defendant's] Reply to Motion (ECF No. 23) is DENIED as moot, since this Court granted plaintiff's alternative Motion to file a Sur-Reply (ECF No. 24 and 25).

IT IS SO ORDERED.

DATED this 20th day of May, 2015.

_____/s/ Michael J. Mcshane\_\_\_\_
Michael J. McShane
United States District Judge